IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER M. MARSH,

                Plaintiff,                              OPINION AND ORDER

    v.

                                                   12-cv-940-bbc

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 7, 2016, I granted the parties' joint stipulation to remand plaintiff Jennifer

Marsh's social security appeal to the administrative law judge for further proceedings.  Dkt. #16.

On February 19, 2016, I accepted the parties' stipulation on fees under the Equal Access to

Justice Act and awarded plaintiff attorney fees in the amount of $4,000.  Dkt. #24.  Now before

the court is a motion filed by plaintiff's counsel, Dana Duncan, for attorney fees under 42 U.S.C.

§ 406(b), following a favorable decision from the administrative judge on remand.  Dkt. ##26,

28.  Defendant did not file any opposition to Duncan's request for fees.

Counsel reports that he and plaintiff have a contingency fee agreement providing for

attorney fees amounting to 25 percent of an award of past-due benefits.  On remand, the

administrative law judge awarded past-due benefits, from which the Social Security

Administration withheld 25 percent or $9,977.83 for attorney fees.  Of this amount, counsel says

he will seek $1,873.83 for work at the agency level and the remainder for court work.  Pursuant

to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount

of $8,104.00 (equal to $9,977.83 less the $1,873.83 in fees that will be sought through the

agency).  He requests that $4,000 be paid from the Equal Access to Justice Act fees that he has

received already, leaving $4,104 to be payable out of plaintiff's past-due benefits. Counsel has submitted an accounting showing 17.70 hours in attorney time and 10.65 hours in paralegal time spent on plaintiff's case in this court. Counsel's request would equate to an award of approximately $457.85 an hour for his work on this case. When the paralegal time is considered, counsel's rate would be even lower.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable in light of counsel's experience, the risk he and his firm incurred and the amounts awarded by other courts in similar cases.

As counsel recognizes, the award must be offset by the $4,000 fee award that he recovered previously. I will order the Social Security Administration to award counsel $4,104 in fees payable from plaintiff's past due benefits and release to plaintiff the remaining $4,000 of withheld benefits.


ORDER

IT IS ORDERED that the motions for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. ##26, 28, are GRANTED. The court approves a representative fee award of $4,104 to be payable to Dana Duncan out of the statutory fee

withheld from plaintiff Jennifer Marsh's past-due benefits.  The Social Security Administration

must release the remaining $4,000 withheld from plaintiff's past-due benefits to plaintiff.

Entered this 5th day of December, 2019.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge